# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-1597

_____

Charlotte Klingler; Charles Wehner;          *
Sheila Brashear,                             *
                                             *
            Appellants,                       *
                                             *
      v.                                      *   Appeal from the United States
                                             *   District Court for the Western
Director, Department of Revenue,             *   District of Missouri.
State of Missouri,                           *
                                             *      [PUBLISHED]
            Appellee.                         *
                                             *
_____                          *
                                             *
United States of America,                     *
                                             *
            Amicus Curiae.                     *

_____

Submitted:  December 10, 2001

Filed:  February 27, 2002

_____

Before MORRIS SHEPPARD ARNOLD, BEAM, and RILEY, Circuit Judges.

_____

PER CURIAM.

      After Charlotte Klingler and others filed suit against the director of the Department of Revenue of the state of Missouri, claiming that the fee charged for

placards that allow use of accessible parking violated Title II of the Americans with Disabilities Act (ADA), *see* 42 U.S.C. §§ 12131-12165, the defendant moved to dismiss the case based on eleventh amendment immunity. The district court granted the motion and the plaintiffs appealed. We reverse in part and affirm in part.

In *Ex parte Young*, 209 U.S. 123, 155-56 (1908), the Supreme Court held that eleventh amendment immunity was not available to state officials in suits seeking prospective injunctive relief for violations of federal law. *See also Edelman v. Jordan*, 415 U.S. 651, 664, 667-68 (1974). In *Randolph v. Rodgers*, 253 F.3d 342, 347-48 (8th Cir. 2001), which we decided after the district court entered its judgment in this case, we held this principle applicable to non-employment claims based on Title II of the ADA. We therefore conclude that the plaintiffs here may seek declaratory and injunctive relief under *Ex Parte Young*. We believe, however, that *Alsbrook v. City of Maumelle, 184 F.3d 999 (1999)* bars the plaintiffs' claim for monetary damages.

We therefore reverse the district court's order dismissing the plaintiffs' claim for declaratory and injunctive relief, but affirm its dismissal of the claim for damages, and we remand to the court for further proceedings.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-